IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY BECKHAM,<br><br>Defendant. | Case No. 16-cr-00175-CRB-1<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583(E)(1)** |

In 2017, Defendant Jeremy Beckham pled guilty and was sentenced to 18 months in prison and three years of supervised release for conspiracy to distribute and possess with intent to distribute cocaine. After serving his custodial sentence and almost three-quarters of his term of supervised release, Beckham now moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The Court grants the motion, as explained below.

## I. BACKGROUND

### A. Underlying Action and Sentencing

While working as a Transportation Security Officer (TSO), Beckham worked with others to transport cocaine through security checkpoints at San Francisco International Airport on four occasions between November 11, 2013 and December 11, 2013. See Plea Agreement (Plea) (dkt. 46) at 2. A grand jury indicted Beckham on April 26, 2016, Indictment (dkt. 1), and an arrest warrant was issued, Warrant (dkt. 6). Beckham was arrested on April 27, 2016. Id.

On May 16, 2017, Beckham pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). See Plea at 1.

The sentencing guidelines ranged from 37 to 46 months of imprisonment. See Gov.

Sentencing Memorandum (dkt. 53) at 2. On October 25, 2017, this Court sentenced Beckham to an 18-month term of imprisonment followed by a three-year term of supervised release. See Judgment (dkt. 63) at 2–3.[1]

### B. Time on Supervised Release

In December 2018, Beckham was released from prison to complete the out-of-custody portion of the Residential Drug Abuse Treatment Program (RDAP) at a halfway house; he then moved to home confinement. See Mot. (dkt. 68) at 3. In April 2019, Beckham began his supervised release, the first six months of which he spent on home confinement. See id. During his supervised release, this Court mandated Beckham's participation in "a program of testing and treatment for drug abuse." Judgment at 5. Beckham has passed all of his drug tests during his two years on supervision, and no Form 12s have been filed. Mot. at 3. Beckham is currently scheduled to be released from supervision in 2022. Judgment at 3.

After his release, Beckham returned to the job he held prior to his incarceration, and remains employed there. Mot. at 3. Beckham is currently a parts manager at Electric Express Appliance. Id.

### C. Previous Criminal Conduct

Prior to this conviction, Beckham had two previous convictions. See Mot. at 3. In 2004, when Beckham was sixteen, he was convicted of possession of marijuana for sale. See Presentence Investigation Report (PIR) (dkt. 52) at 8. Beckham was also convicted in 2013 of driving under the influence. Id. Additionally, in 2013, Beckham was detained and cited for battery, but not charged. Id. at 9.

### D. Procedural History

After serving almost three-quarters of his term of supervised release, Beckham has filed a motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). See Mot. at

---

[1] In requesting a shorter sentence, Beckham emphasized his young age at the time of the crime (twenty-six), the limited time range of the offending occasions after six years of honest service, his struggle with alcohol and drug use at the time, the older "ringleader's" role in feeding Beckham's drug addiction and influencing him, Beckham's limited criminal history, and that between the crime and his arrest, Beckham participated in pretrial drug treatment and counseling to achieve sobriety and obtained a new job. See Defense Sentencing Memorandum (dkt. 54).

2

2. The Probation Office does not oppose Beckham's motion, see Probation Response (dkt. 69), and neither does the government, Gov. Response (dkt. 70).

## II. LEGAL STANDARD

18 U.S.C. § 3583(e)(1) sets forth the legal standard for deciding a motion to terminate supervised release. A court may terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). A court should consider the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to adequately deter criminal conduct, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with needed training or medical care. 18 U.S.C. § 3583(e).

The language of Section 3583(e) gives courts broad discretion to consider a wide range of circumstances when determining whether to grant a motion to terminate supervised release. See United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014); see also United States v. Miller, 205 F.3d 1098, 1100 (9th Cir. 2000). Section 3583(e) "does not support a legal standard that categorically requires a petitioner to demonstrate an undue hardship." Id. ("District courts are directed to exercise discretion in light of a broad range of factors, and therefore a blanket rule denying early termination whenever a defendant fails to prove undue hardship would completely disregard the statute.") (internal quotations and citation omitted). The termination mechanism provided by Section 3583(e)(1) allows courts "to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of 18 U.S.C. § 3553(a)." United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002). The defendant has the burden of demonstrating that early termination is justified. United States v. Weber, 451 F.3d 552, 559 (9th Cir. 2006).

## III. DISCUSSION

Beckham argues that his "flawless performance on supervision [and] all applicable statutory and case law" warrants early termination of supervised release. Mot. at 1. Beckham

3

asks for early termination for one main reason: to advance his career, as "his supervision status renders him ineligible to work as a higher-paid technician at his appliance company job." Id. Probation agrees that Beckham has complied with the conditions of release and support his career goals, Probation Response, and the government does not oppose, Gov. Response.

The Court GRANTS Beckham's motion because: (A) Beckham's conduct has exemplified extraordinary behavior and rehabilitation; and (B) Beckham is no longer in need of the services and training provided by Probation, and would benefit from the termination of his supervision.

### A. Extraordinary Behavior and Rehabilitation

Beckham's behavior meets the Ninth Circuit's expansive standard for early termination because he has successfully demonstrated exceptional behavior and rehabilitation. First, Beckham has overcome the substance abuse problems that led to his original conviction. Second, Beckham has shown dedication in rebuilding his life through employment.

#### 1. Sobriety

Courts may consider granting termination of supervised release when the defendant has a history of substance abuse and "successfully completes a treatment program, thereby reducing the risk to the public from further crimes." U.S.S.G. § 5D 1.2 cmt. n.5. For example, in United States v. Lyle, the court granted a motion for supervised release after the defendant took part in the RDAP program, received counseling at a halfway house, and became a mentor for other program participants. No. CR-06070-EFS-1, 2019 U.S. Dist. LEXIS 51956, at *4 (E.D. Wash. March 26, 2019).

Beckham has addressed his substance abuse. Before sentencing, he participated in drug counseling and testing, maintaining sobriety. Defense Sentencing Memo at 5. Beckham completed the RDAP program while incarcerated, and completed the subsequent aftercare program while at the halfway house and during home confinement. Mot. at 3. He has tested clean on all administered drug tests. Id. While the Court mandated Beckham's participation in a treatment program, Judgement at 5, Beckham went further—becoming completely clean of drug use even before sentencing. Beckham's rehabilitation effort is more than mere compliance with the terms of his supervised release.

### 2. Employment

Beckham has shown extraordinary efforts in reestablishing employment and reintegrating himself into society. He has returned to the job he held prior to his incarceration and has maintained his employment throughout his supervised release. Mot. at 3. Beckham works as a parts manager. Id. Though he is qualified to work as a technician, which would enable him to earn more money through commissions, his supervised status makes him ineligible for this position. Mot. at 3–4. His employer has spoken with both Beckham's counsel and the Probation Office in favor of early termination of supervised release, id. at 6, and has reported that Beckham has been a "valuable employee" with no issues at work, Probation Response at 2.

### B. No Further Need for Probation Services

Courts can consider the benefits of "provid[ing] the defendant with needed educational or vocational training, medical care, or other correctional treatment" when considering a motion for early termination of supervised release. 18 U.S.C. § 3553(a)(2)(D); see 18 U.S.C. § 3583(e)(1). Here, Beckham has already successfully completed a substance abuse program. See Mot. at 3.

Beckham's current minimal supervision weighs in favor of early termination. Beckham has had a "flawless performance on supervision," and zero Form 12s have been filed during his supervised release. Mot. at 3–4. The Probation Office also estimated that Beckham had a Low/Moderate risk of recidivism, with Social Networks forming his largest risk factor. Probation Response to Motion at 1. However, the Probation Office stated that there are currently no identifiable concerns with Beckham's social networks. Id.; see also United States v. Henry, No. 11CR7032-H, 2020 U.S. Dist. LEXIS 110945, at *11–12 (S.D. Cal. June 23, 2020) (granting release when "the defendant no longer requires treatment" and "no longer poses a risk of recidivism").

Overall, Beckham has shown dedication to making positive changes in his life since his conviction. Beckham has demonstrated extraordinary behavior and rehabilitation, and he is no longer in need of Probation services. The original supervised release sentence is no longer suitably tailored to Beckham's conduct and career goals. See Gross, 307 F.3d at 1044. Granting this motion best serves justice and will allow Beckham to continue to advance his career.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for early termination of supervised release.

**IT IS SO ORDERED.**

Dated: June 28, 2021

CHARLES R. BREYER
United States District Judge